**CLD-103**                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4003
_____

OTIS MICHAEL BRIDGEFORTH,
                                        Appellant

v.

TD BANK;
KEN WILSON, District Supervisor, TD BANK;
CHRISTIANA SCHIAPPA, Teller Service Manager, TD Bank

_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 10-cv-00499)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 28, 2011

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed:   February 15, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Otis Michael Bridgeforth filed a complaint *pro se* and *in forma pauperis* under 42

U.S.C. § 1983, listing "race/color/sex" discrimination as his cause of action.  In the body

of his complaint, he alleged that on June 8, 2010, bank employees closed his recently opened student checking account. Attached to the complaint is a June 2, 2010 letter from the bank informing Bridgeforth that his account would be closed if the bank did not receive a signed signature form and opening deposit by June 14, 2010. Bridgeforth stated that, on June 4, 2010, he submitted a deposit (reflected on an attached bank statement) and the "important information documented on the new account form" (apparently including his signature, which appears on the attached document). For the "breached agreement" and "intentional infliction of emotional distress" that Bridgeforth purported to have suffered, he requested thirty million dollars in damages.

The District Court dismissed Bridgeforth's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and held that amendment would be futile. Bridgeforth appeals.

We have jurisdiction over Bridgeforth's appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal of his claims. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the denial of leave to amend for abuse of discretion. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004).

On review, we will dismiss Bridgeforth's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it does not have an arguable basis in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). As the District Court concluded, Bridgeforth could not sue the defendants under § 1983 because they are not state actors. See West v. Atkins, 487 U.S. 42, 48 (1988). Furthermore, Bridgeforth stated no plausible federal

2

claim for relief.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).   Because Bridgeforth presented no actionable federal claim, the District Court did not err in declining to consider any state law claims.  See 28 U.S.C. § 1367(c); De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3d Cir. 2003).

In short, the District Court did not err in dismissing Bridgeforth's complaint as frivolous.  The District Court also did not abuse its discretion in denying Bridgeforth leave to amend on the basis of futility.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002).  We will dismiss this appeal.